## 13566.   BURNEY BROTHERS COMPANY *v.* HAPP.

The defendant had the right to prevent the flow of water upon his premises from the roof of the building occupied by the plaintiffs, by stopping up the holes in the wall through which it flowed into the drain-pipes, and he was not liable for damage caused by rainwater standing on the roof and leaking into the building in consequence of his closing the holes.

The court did not err in granting a nonsuit.

DECIDED JULY 11, 1922.

Action for damages; from city court of Macon — Judge Gunn. March 29, 1922.

*G. M. Nottingham, E. W. Maynard,* for plaintiffs, cited: Civil Code (1910), §§ 4470-3, 4094-8, 4458, 5338; 121 *Ga.* 809 (3); Cooley, Torts, § 45; Wood, Nuisances (2d ed.), § 844; 29 Cyc. 1216-18; 26 Am. Dec. 440; 50 *Ga.* 130 (1); 55 *Ga.* 310 (1, 2); 59 *Ga.* 790; 60 *Ga.* 266; 96 *Ga.* 303.

*Harris, Harris & Witman,* for defendant, cited: Civil Code (1910), § 4457; 1 R. C. L. 374-5, 378; 20 Id. 434, 489, 9 Id. 790, 814; 144 *Ga.* 92 (2); 51 *Ga.* 578; 131 *Ga.* 98 (2); 15 *Ga.* 39, 62.

LUKE, J.   Burney Brothers Company sued Happ for a certain amount of money, alleging substantially that he was the owner of a certain one-story building which adjoins a certain two-story building in which the plaintiffs were engaged in business as merchants; that prior to January 10, 1921, the rainfall on the roof of the building occupied by the plaintiffs was drained through gutters along the wall and discharged in the rear of the defendant's building; that the said water was drained through two holes in the brick wall of the building occupied by the plaintiffs; that the defendant, on or about January 10, 1921, filled up the holes through said wall, tore down the plaintiff's gutters, and stopped the drainage of water from the building occupied by the plaintiffs; that on January 14, 1921, there was a heavy rainfall, and by reason of

said trespass by the defendant the water could not run off the roof of the premises occupied by the plaintiffs, and leaked through and damaged their goods. The plaintiffs alleged that they were in the exercise of ordinary care, and that the roof over the premises occupied by them had never before leaked. The defendant pleaded that the landlord of the plaintiffs was notified that the water from the building occupied by the plaintiffs which was flowing from her building over his and into the rear of his building was injuring his property, and, when the landlord refused to do anything, he, to protect his property, stopped the holes in the brick wall through which the water flowed, and that he had not trespassed upon the property occupied by the plaintiffs. The evidence for the plaintiff was substantially as follows: that on or about January 10, 1921, the defendant directed his contractor to repair the walls that went around his building and to take down the drain-pipe and stop up holes in the wall of the building occupied by the plaintiffs; that the drain-pipes, while on the wall of the building occupied by the plaintiffs, were hanging over the roof of the building owned by the defendant; that the holes in the wall were put there for the purpose of letting water off the plaintiff's building into the drain-pipes; that the drain-pipes were rusted and did not serve the purpose of draining the water, which by reason thereof flowed upon the roof of the defendant; that the holes in the wall leading to the drain-pipes were stopped up, and they were stopped from the side of the wall next to the defendant's store; that the men in doing this work never went upon the plaintiffs' building; that it was necessary to stop these holes in order to keep the water from flowing on the roof of the defendant; that by reason of the filling of said holes the water, instead of flowing off the roof of the building occupied by the plaintiffs, stood on the building, and in this way leaked through and damaged the goods of the plaintiffs. At the conclusion of the plaintiffs' evidence, the court granted a nonsuit, and upon this judgment error is assigned.

It was not error to grant the nonsuit. By the evidence it was clearly shown that Happ did nothing except abate what was perhaps a nuisance, the continued flowing of water from the roof of the building occupied by the plaintiffs onto the roof of the defendant's property. The drain-pipe attached to the wall was of no service for that purpose, and consequently all the water that fell

on the plaintiffs' building was precipitated to the roof of the building owned by the defendant. In our opinion the defendant clearly had the right to abate the flow of water upon his premises by stopping up the holes through which it flowed. This is especially true because the evidence does not disclose an express grant of an easement either by prescription or by contract.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*